## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:17-CR-316** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **WILLIAM M. TYSON,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 11th day of July, 2018, upon consideration of the
government's motion (Doc. 38) *in limine* to preclude defendant William M. Tyson
("Tyson") from eliciting evidence to establish mistake of age or from asserting a
mistake-of-age defense, wherein the government argues that knowledge of the
minor victim's age is not required for a conviction under 18 U.S.C. § 2423(a), as
charged in Count 1, or 18 U.S.C. § 2251(a), as charged in Count 2, and that any
reference to mistake of age is therefore irrelevant and prejudicial, (Doc. 39 at 10-16),
and the motion having been fully briefed, (Docs. 39, 44), and the court noting that
evidence is relevant if it renders a material fact either more or less probable than it
would be absent the evidence, and relevant evidence is, as a general rule,
admissible, FED. R. EVID. 401, 402, but that evidence may be excluded if its probative
value is substantially outweighed by a risk that the evidence will result in unfair
prejudice, confuse the issues, or mislead the jury, FED. R. EVID. 403, and taking
the statutes in turn: *first*, with respect to Count 1, the court observing that Section
2423 criminalizes, *inter alia*, "knowingly transport[ing] an individual who has not
attained the age of 18 years in interstate or foreign commerce . . . , with intent that

the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense," 18 U.S.C. § 2423(a), and it appearing that a robust consensus of circuit courts have held that the "special context" of Section 2423(a) requires the statute be read as to not apply the "knowingly" *mens rea* to the victim's age,[1] and upon review of these cases, the court being persuaded by their *ratio decidendi*, which holds that: (1) reading the adverb "knowingly" as modifying the immediately succeeding verb "transports" rather than "the infinite hereafters of [the] statutory sentence[]" is the more natural and grammatically correct reading, Washington, 743 F.3d at 941; (2) viewing "knowingly" as applying to both the noun "individual" and the dependent clause—"who has not attained the age of 18 years"—modifying that noun is an implausible interpretation of Section 2423(a), id. at 942; United States v. Cox, 577 F.3d 833, 837 (7th Cir. 2009); (3) construing Section 2423's evidentiary burdens as being higher than those of Section 2421 when the provisions mirror each other except for Section 2423's inclusion of a minor age element and imposition of a greater punishment was not likely the intent of Congress, Washington, 743 F.3d at 941-42; Cox, 577 F.3d at 837; and (4) requiring the government to establish a defendant's knowledge of the alleged victim's age would undermine the statute's clear purpose—the protection of minors—by "permitting adults to prey upon minors so long as they cultivate ignorance of their victims' age," Washington, 743 F.3d at 942 (quoting United States v. Jones, 471 F.3d 535, 541 (4th

---

[1] United States v. Washington, 743 F.3d 938, 942-43 (4th Cir. 2014) (quoting Flores-Figueroa v. United States, 556 U.S. 646, 652 (2009)); United States v. Tavares, 705 F.3d 4, 19 n.16 (1st Cir. 2013), cert. denied, 571 U.S. 964 (2013) (collecting cases); United States v. Daniels, 685 F.3d 1237, 1249 (11th Cir. 2012).

Cir. 2006)); see Cox, 577 F.3d at 837, and the court remarking that the Third

Circuit's interpretation of a prior iteration of the statute further undergirds the

position we take today, see United States v. Hamilton, 456 F.2d 171, 172-73 (3d Cir.

1972) (*per curiam*), and the court concluding that any evidence of mistake of age as

to the victim is irrelevant to the instant Section 2423(a) count, and that any

probative value thereof is substantially outweighed by the likelihood that such

evidence will confuse or mislead the jury to believe that knowledge of the victim's

minor age is an element of a Section 2423(a) charge or that mistake of age is a valid

defense to same[2]; and *second*, with respect to Count 2, the court observing that

Section 2251 makes it unlawful to, *inter alia*, "employ[], use[], persuade[], induce[],

entice[], or coerce[] any minor to engage in . . . any sexually explicit conduct for the

purpose of producing any visual depiction of such conduct" through the use of

interstate commerce, 18 U.S.C. § 2251(a), and it appearing that the circuit courts to

address the issue have concluded that Section 2251(a) does not require proof that

---

[2] Tyson asserts that Section 2423(a) creates a "piggyback offense" such that the government must show the offense conduct violated "some other statute." (Doc. 44 at 4 (quoting United States v. Ray, 831 F.3d 431, 434 (7th Cir. 2016))). Tyson contends that he should be permitted to advance a mistake-of-age defense because Pennsylvania law allows such a defense to the crime of promotion of prostitution of a minor. (Id. (quoting 18 PA. CONS. STAT. § 5902(b.1)(3))). We disagree. Section 2423 criminalizes transportation of a minor in interstate commerce to "engage in prostitution, *or* in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a) (emphasis added). The indictment invokes the first category, charging Tyson with transporting a minor to "engage in prostitution," not some other sexual activity prohibited by federal or state law. (Doc. 7 at 1); cf. Ray, 831 F.3d at 434. Adopting Tyson's rationale would render the term "prostitution" superfluous since the statute already prohibits any sexual conduct for which a person can be criminally charged.

the defendant knew the victim's minor age,[3] and upon review of these cases, the

court being persuaded by their *ratio decidendi*, which holds that: (1) Congress

removed "knowingly" from Section 2251(a) so that a defendant's knowledge of the

age of the child was not a necessary element for prosecution but retained the

adverb "knowingly" in Section 2252, Fletcher, 634 F.3d at 400; and (2) omission of

"knowingly" from Section 2251(a) is logical because "producers [of pornography]

are more conveniently able to ascertain the age of performers" because of their

direct contact therewith,[4] id. at 400 (quoting X-Citement Video, Inc., 513 U.S. at 76

n.5); United States v. Malloy, 568 F.3d 166, 172 (4th Cir. 2009) (citing X-Citement

Video, 513 U.S. at 72 n.2), and it appearing that an weighty majority of circuit courts

have rejected the argument that a mistake-of-age defense to Section 2251(a) liability

is mandated by the First Amendment,[5] and the court agreeing with the circuit court

---

[3] United States v. Fletcher, 634 F.3d 395, 400-01 (7th Cir. 2011), as amended (Feb. 23, 2011) (citations omitted) (collecting cases); United States v. U.S. Dist. Court (Kantor), 858 F.2d 534, 538 (9th Cir. 1988). Tyson's reliance on United States v. Encarnacion-Ruiz, 787 F.3d 581 (1st Cir. 2015), is misplaced. The First Circuit distinguished an individual charged with aiding and abetting the sexual exploitation of a child from the principal person committing that crime. Encarnacion-Ruiz, 787 F.3d at 589-91. The court noted that a principal "'may be convicted under [Section] 2251(a) without proof they had knowledge of [the victim's] age' because they 'confront[ ] the underage victim personally and may reasonably be required to ascertain that victim's age.'" Id. at 591 (quoting United States v. X-Citement Video, Inc., 513 U.S. 64, 76 n.5 (1994)). The indictment does not charge Tyson with aiding and abetting sexual exploitation of children through the creation of pornography. (See Doc. 7).

[4] Section 2252 criminalizes the receipt or dissemination of child pornography, rather than its production. See 18 U.S.C. § 2252.

[5] Encarnacion-Ruiz, 787 F.3d at 404-05 (collecting cases); United States v. Gersh, No. 14-595, 2015 WL 2118924, at *2 (E.D. Pa. May 5, 2015) (same); but see Kantor, 858 F.2d at 538-44.

accord that any risk that Section 2251(a)'s strict liability will seriously chill protected speech is vastly outweighed by (1) the statute's legitimate purpose of protecting the physical and psychological well-being of children, (2) the strong incentive to participate in the highly lucrative adult pornography business, and (3) the preexisting obligation to verify an actor or actress's age pursuant to federal recordkeeping requirements imposed on all pornography producers,[6] and the court remarking that the Third Circuit's holding in a recent nonprecedential decision further supports the position we take today, see United States v. Smith, 662 F. App'x 132, 136 (3d Cir. 2016), and the court concluding that any evidence of mistake of age as to the victim is irrelevant to the Section 2251(a) charge pending against Tyson *sub judice* and that any probative value thereof is substantially outweighed by the likelihood that such evidence will confuse or mislead the jury to believe that knowledge of the victim's minor age is an element of a Section 2251(a) charge or that mistake of age is a valid defense to same, it is hereby ORDERED that:

1.    The government's motion (Doc. 38) *in limine* is GRANTED.

2.    Tyson shall not be permitted to testify or otherwise elicit evidence that he was mistaken as to the minor victim's age with respect to either count of the indictment.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[6] See Fletcher, 634 F.3d at 404-05; United States v. Pliego, 578 F.3d 938, 943-44 (8th Cir. 2009); Gersh, 2015 WL 2118924, at *2-3 (quoting 18 U.S.C. § 2257(b)(1)).